## A. M. Ridenhour v. Charles B. Atterbury.

1. ERROR—*Without Injury Not Ground For Reversal.*—It is not every error that will warrant a reversal, and when it is reasonably certain that no harm has resulted from an error there should be no interference by a court of appeal, on account of it; and in this respect each case must be judged by itself.

2. INSTRUCTIONS—*Should be Considered as a Series and as Applied to the Evidence.*—This court does not regard the instruction complained of as contradicting those given for appellant, but at the most as being merely ambiguous and so indefinite that, standing alone, it would probably mislead the jury. When taken in connection with the other instructions and applied to the evidence it is not so harmful as to warrant a reversal.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Montgomery County; the Hon. ALEX. W. HOPE, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

HOWETT & JETT, attorneys for appellant.

LANE & COOPER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The plaintiff brought suit before a justice of the peace to recover the sum of seventy-five dollars which he claimed was due him from the defendant for the price of a " weigher," which was attached to a threshing machine.

The case was removed by appeal to the Circuit Court where on a trial by jury there was a verdict for defendant followed by a judgment against the plaintiff for cost. Hence the present appeal by the plaintiff.

The only question for the jury was whether the weigher was sold as a part of the threshing machine outfit, for which defendant was to pay $1,350. The weigher was included in a chattel mortgage given on the outfit and was bought in by the plaintiff on foreclosure of the mortgage. The evidence was conflicting upon the stated question of fact, and the verdict ought to settle the dispute unless, as is argued

by appellant, the court gave erroneous instructions calcu-
lated to produce the result. It is urged that instruction num-
ber five for defendant is faulty in advising the jury that if
the weigher " was an attachment to the threshing machine,"
and if the defendant purchased said threshing machine for
$1,350, and afterward paid said price, the verdict should be
for defendant. The objection is that it was assumed if the
weigher was an attachment to the machine it was sold and
went with it.

It might be an attachment to and yet not a part of the
machine, and not sold with it.

The instruction is erroneous, and should not have been
given, because it contains the assumption suggested and is
argumentative.

Perhaps the jury understood that if the weigher was an
attachment merely it went with the machine, regardless of
the proof that was offered as to the understanding and
intention of the parties, but we can hardly think so. The
whole issue before the jury was as to this very point. Did
the plaintiff sell the weigher separate from or as a part of
the machine?

All the evidence was directed to that issue.

The instructions for plaintiff, in different forms of expres-
sion, presented the point very fully and distinctly, and while
the instruction referred to is faulty, yet it is not probable
the jury were misled.

They could not, as reasonable men, suppose the court
intended to say that if the weigher was merely attached to
the machine the finding should be for defendant. It was
so attached.

There was no dispute about that, but the issue all the
way through was whether it was sold separately. Reading
this instruction with those given for plaintiff, and the
others given for defendant, the series may be regarded as
sufficiently accurate. Had there been any confusion as to
the issue of fact, such an inaccuracy might be regarded as
more serious. As it is, we think the jury would understand
the term " an attachment," to mean the same "as a part
of," when they read the entire series. The issue was dis-

tinct and it was single. We do not think the conclusion would have been different if this error had not been committed. It is not every error that will warrant a reversal, and when it is reasonably certain that no harm has been done by such error, there should be no interference on that account. Each case must be judged by itself.

When instructions are contradictory upon a vital point in issue, it may be impossible to say which the jury accepted and followed. We do not regard this instruction as contradicting those given for plaintiff, but at the most as being merely ambiguous and so indefinite as that standing alone, it would probably mislead the jury, yet when taken in connection with the others and applied to the evidence, it is not so harmful as to warrant a reversal.

. The judgment will be affirmed.